NO. 07-09-0230-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 25, 2009
______________________________

IN RE ESTATE OF KENNETH LEE PEARSON, DECEASED
_________________________________

FROM THE COUNTY COURT OF POTTER COUNTY;

NO. 28633-01-P; HONORABLE ARTHUR WARE, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ON MOTION TO DISMISS
          Appellant, Mary S. Stevens Pearson, has filed a motion to dismiss this appeal. No
decision of this Court having been delivered to date, we grant the motion. Accordingly, the
appeal is dismissed. Tex. R. App. P. 42.1(a)(1). All costs related to this appeal are
assessed against appellant. If dismissal will prevent appellee from seeking relief to which
she would otherwise be entitled, the Court directs appellee to file a timely motion for
rehearing. No motion for rehearing from appellant will be entertained.

 
 
                                                                Mackey K. Hancock

                                                                         Justice



Texas Rules of Appellate Procedure, the Appellant will
be denied his right to both legally review and contest the trial proceedings
which sentenced him to the maximum term of confinement, i.e., two (2)
years, in a State Jail Facility. 

 

 By the amended motion, Appellant's counsel has not provided a plausible statement
indicating that failure to timely file the notice of appeal was not deliberate or intentional, but
was the result of inadvertence, mistake, or mischance. Without such explanation, we are
without jurisdiction to dispose of the appeal in any manner other than by dismissal for want
of jurisdiction. See Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996). See also
Slaton v. State, 981 S.W.2d 208, 209-10 (Tex.Crim.App. 1998). Additionally, we do not
have authority to invoke Rule 2 of the Texas Rules of Appellate Procedure in an effort to
obtain jurisdiction of the case. We cannot create jurisdiction where none exists. Slaton,
981 S.W.2d at 210.

 Consequently, the appeal is dismissed for want of jurisdiction. (2)


 Per Curiam


 

Do not publish.
1. Rule 44.3 of the Texas Rules of Appellate Procedure requires a reasonable time
to correct or amend formal defects or irregularities in appellate procedure before dismissing
an appeal.
2. Appellant may have recourse by filing a post-conviction writ of habeas corpus
returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time
appeal. See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2007)